UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>                 Plaintiff,<br>v.<br><br>SAHARA SUNRISE HOMEOWNERS ASSOCIATION; RIVER GLIDER AVENUE TRUST; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>                 Defendants. | Case No. 2:15-cv-01597-MMD-NJK<br><br>ORDER |
| SAHARA SUNRISE HOMEOWNERS ASSOCIATION,<br><br>                 Third-Party Plaintiff,<br>v.<br><br>ALESSI & KOENIG LLC; DOES I THROUGH X and ROE CORPORATIONS XI THROUGH XX,<br><br>                 Third-Party Defendants. | |
| RIVER GLIDER AVENUE TRUST,<br>                 Counter-Claimant,<br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>                 Counter-Defendant. | |

**I.    SUMMARY**

      This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 2670 Early Vista St., Las Vegas, NV, 89142 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, ECF No. 1 at 3; ECF No. 90-9 at 2.) Two motions are currently pending before the Court: (1) Plaintiff/Counter-defendant, Nationstar Mortgage, LLC ("Nationstar") seeks partial summary judgment on its quiet title/declaratory judgment claim

and on Defendant/Counterclaimant River Glider Avenue Trust's ("River Glider") counterclaims for the same relief; and (2) River Glider requests that the Court grant summary judgment on its counterclaims and *all* of Nationstar's claims.[1] (ECF No. 90 at 1–2; ECF No. 92 at 19–20, ECF No. 1 at 6–13 (Complaint); ECF No. 11 at 4–5 (counterclaims).) Because the Court finds that the HOA Sale is void, the Court grants Nationstar's motion for partial summary judgment and denies River Glider's motion for summary judgment.[2]

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

### A. Deed of Trust History[3]

Edwin and Ana De Los Reyes financed the purchase of the Property in 2005 with a $208,000.00 loan ("Loan") from GMC Mortgage, Inc. ("GMC"). (ECF No. 90-1 at 2–3.) The Loan was secured by a deed of trust ("DOT") against the Property. (ECF No. 90-1.) The DOT named Mortgage Electronic Systems, Inc. ("MERS") as the beneficiary and provided MERS' address. (*Id.* at 3.) MERS assigned the DOT to BAC Home Loans Servicing, LP ("BACHLS") f/k/a Countrywide Home Loans Servicing, LP in April 2011. (ECF No. 90-2.) BACHLS merged into and with Bank of America, N.A. ("BANA") effective July 1, 2011. (ECF No. 90-3.) BANA serviced the Loan until 2013—when servicing

///
///

---

[1] Despite River Glider's request, River Glider lacks standing to seek summary judgment on "all" claims Nationstar asserts in the Complaint (see ECF No. 1 at 6-13). Two of the four claims Nationstar asserts—the second and third claims—are solely against the HOA (*id.*), and River Glider does not purport to represent the HOA's interests here.

[2] In addition to the motions, the Court has considered the respective responses (ECF Nos. 97, 98) and replies (ECF Nos. 101, 102).

[3] The Court takes judicial notice of ECF No. 90-1 through ECF No. 90-10 and ECF Nos. 90-12, 90-13 and 90-15 as recorded with the Clark County Recorder and matters within the public record. *See, e.g.*, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

transferred to Nationstar. (ECF No. 90-4 at 11–12.) BANA also assigned the DOT to Nationstar in 2013. (ECF No. 90-5.)

### B. The De Los Reyeses' Bankruptcy

The De Los Reyeses filed for bankruptcy in 2009 and obtained discharge in 2013. (ECF Nos. 90-6, 90-7, 90-8.)[4]

### C. HOA Lien and Foreclosure

Sahara Sunrise Homeowners Association ("HOA"), through its trustee Alessi & Koenig, LLC ("Alessi"), recorded a notice of delinquent lien assessment against the Property in July 2010. (ECF No. 90-9.) This notice stated that the De Los Reyeses owed $995.69. (*Id.*)

Alessi obtained a record property information report in November 2010, which showed the DOT and listed MERS as the current beneficiary and CMG as the Loan lender. (ECF No. 90-11 at 9.) Alessi recorded a notice of default and election to sell the Property in December 2010, which noted that the De Los Reyeses owed $2,264.49. (ECF No. 90-10.) (*Id.*) Further, the HOA mailed the notice of default only to CMG, the De Los Reyeses, and Gerald A. Phillips Esq.—the HOA did not mail the notice to MERS. (*Id.* at 12–44 (as provided per David Alessi, Esq.'s affidavit (id. at 2–6)).)[5]

Alessi recorded a notice of the HOA Sale against the Property in June 2011 (ECF No. 90-12) and sold the Property to Early Vista St. Trust ("Early Vista") for $5,400 (ECF No. 90-13; ECF No. 90-11 at 2, 45).

Early Vista transferred the Property to River Glider in June 2012. (ECF No. 90-15.)

///

---

[4]The documents provide the former homeowner's last names as "Delos Reyes."

[5]In its motion for summary judgment, River Glider states the HOA mailed the notice of default to "the former homeowner, to MERS, to [Nationstar's] predecessor in interest, and to other interested parties." (ECF No. 92 at 3.) To support this statement, River Glider cites to its Exhibit H. (*Id.*; ECF No. 92-9.) However, Exhibit H—consisting of emails to and from a senior accountant at Walz Group—lacks any meaningful information to support a statement that the notice of default was sent to MERS (*see generally* ECF No. 92-9). Even if Exhibit H did provide pertinent information, it would be contrary to the information Alessi—the HOA's trustee—provided with the support of affidavit, as identified *supra* (ECF No. 90-11).

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

Nationstar moves for summary judgment on the grounds that (1) the HOA Sale is void because the HOA failed to comply with the statutory notice requirements of NRS Chapter 116; (2) the statute governing the HOA Sale—NRS § 116.3116 *et seq.*—is

4

unconstitutional both facially and as applied; (3) the HOA Sale is void because it violated the automatic bankruptcy stay; and (4) Nationstar is entitled to equitable relief by having the HOA Sale set aside or reformed under *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon ("Shadow Canyon")*, 405 P.3d 641, 643, 648 (Nev. 2017) for unfairness. (ECF No. 90 at 2–3, 6–17.) River Glider opposes each of these arguments and particularly challenges Nationstar's standing to assert some of its claims. (*See* ECF No. 97.) The Court finds that the dispositive issue is whether the beneficiary of the DOT was adequately provided statutorily required notice and thus only considers that issue here. The Court therefore does not address the various other arguments Nationstar raises in its motion or River Glider's unrelated arguments.

The Court agrees with Nationstar that the relevant DOT beneficiary—MERS—was not provided proper notice of default and that such failure is sufficient to render the HOA Sale void here. (*See, e.g.*, ECF No. 90 at 2, 7–8; ECF No.101 at 6.)

By NRS § 116.31168's incorporation of NRS § 107.090's notice requirement, the HOA was required to send notices to "all holders of subordinate interests, even when such persons or entities did not request notice." *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018); *see also* NRS § 107.090(3)(b) & (4) (requiring notice of default *and* notice of sale be mailed to "[e]ach other person with an interest whose interest or claimed interest is subordinate to the deed of trust"); *West Sunset 2050 Tr. v. Nationstar Mortg., LLC,*420 P.3d 1032, 1035 (Nev. 2018) (acknowledging a failure to serve notice of default as *defective* notice). Such persons with interest undoubtedly include the holder of a first security interest like the DOT here. *See, e.g., SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.,* 334 P.3d 408, 418 (Nev. 2014) (observing that NRS 116.31168 incorporates NRS 107.090, which requires that notices be sent to a deed of trust beneficiary); *see also Shadow Canyon*, 405 P.3d at n.11.

"Compliance with NRS Chapter 116's provisions with respect to default, notice, and publication of the notice of sale is a 'statutory prerequisite [] to a valid HOA lien foreclosure as stated in NRS [§] 116.31162 through NRS [§] 116.31164.'" *Christiana Trust*, 2018 WL

6603643, at *4 (quoting *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (2016)); *see also id.* (collecting cases) (finding that since *Shadow Canyon*, "the Nevada Supreme Court has confirmed that an HOA's failure to mail the Chapter 116 notices to parties entitled to such notice is a sufficient ground for voiding the foreclosure sale and granting summary judgment in favor of the holder of the senior deed of trust").

Here, Nationstar's evidence establishes that the HOA failed to properly serve the notice of default—as noted, the notice of default was not mailed to the then DOT beneficiary—MERS. (ECF No. 90-11 at 12–44.) Despite this evidence, River Glider responds, arguing that the notice of default and notice of sale were "mailed to interested parties." (ECF No. 97 at 5.) However, the only document River Glider cites in support— Exhibit J to its motion for summary judgment—provides only notice of the foreclosure sale, and therefore does not dispose of the notice of default issue. (ECF No. 97 at 5 (citing only Exhibit J); ECF No. 92-11 (Exhibit J); *see also supra* footnote 4.)

Nonetheless, River Glider appears to next contend that despite the failure to mail the notice of default, Nationstar cannot invalidate the HOA Sale because it has not shown prejudice. (*See* ECF No. 97 at 16 (quoting *inter alia West Sunset*, 432 P.3d at 1035).) In *West Sunset*, the Nevada Supreme Court found that "Nationstar's failure to allege [or explain] prejudice resulting from defective notice dooms its claim that the defective notice invalidates the HOA sale." *West Sunset*, 432 P.3d at 1035. However, as Nationstar notes, this case is different. (ECF No. 101 at 6.) Here, Nationstar explains that the HOA's failure to properly serve the notice of default deprived BANA of the opportunity to tender payment—as BANA routinely did prior to notice of a foreclosure sale, during the relevant time periods—to protect its various deed of trusts from extinguishment. (ECF No. 90 at 2, 10–11; ECF No. 101 at 5, 6.) The Court is persuaded by this argument. River Glider does not dispute that BANA routinely made such offers of tender during the relevant times. Instead, River Glider appears to only argue that Nationstar's explanation is unavailing because BANA was assigned the DOT after the notice of default was recorded. (ECF No. 97 at 5.) However, River Glider's argument misses the mark because the DOT was

assigned to BANA well before the HOA Sale and thus BANA would have had sufficient time to make its tender before the HOA Sale if MERS had been sent the statutory required notice of default.

The other cases River Glider cites—*Shadow Canyon*, *Golden v. Tomiyasu*, 387 P.2d 989 (Nev. 1963) and *Schleining v. Cap One, Inc.*, 326 P.3d 4 (Nev. 2014)—do not undermine a finding that the HOA failed to properly comply with the statutorily required notice requirements. (*See* ECF No. 97 at 16–17.) River Glider appears to cite these cases for the proposition that absent prejudice, *actual* notice of the default amounts to adequate compliance with Nevada's notice requirements. (*Id.*) However, here the Court finds prejudice. Further, unlike in *Schleining*, neither MERS, BANA, nor Nationstar admits to being "aware of the default." *Schleining*, 326 P.3d at 6. *Golden* is additionally distinguishable because the notice at issue there was the notice of foreclosure sale. *Golden*, 387 P. 2d at 991–92. *Shadow Canyon* is inapposite because the complete failure to mail a deed of trust was not a noted irregularity *at issue* in that case. *See* 405 P.3d at 649–51. Nonetheless, the court in *Shadow Canyon* notably stated that "irregularities that may rise to the level of fraud, unfairness, or oppression include an HOA's *failure to mail a deed of trust beneficiary the statutorily required notices*." *Id.* at n.11 (emphasis added).

Given these considerations, the Court finds that the HOA's defective noticing is sufficient ground to void the HOA Sale to the extent the sale extinguished Nationstar's DOT. Accordingly, the Court grants summary judgment to Nationstar on its claim for declaratory relief/quiet title. The Court declares that the void HOA Sale did not extinguish the DOT.

Because the Court finds that the sale is void and Nationstar is entitled to summary judgment as noted *supra*, the Court denies River Glider's motion for summary judgment (ECF No. 92) on "all" of Nationstar's claims and particularly Nationstar's declaratory relief/quiet title claim (*id.* at 19–20.)

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nationstar's motion for partial summary judgment (ECF No. 90) is granted because the Court finds that the HOA Sale is void for failure to mail the statutory required notice of default to the then existing deed of trust beneficiary. The Court therefore declares that the void HOA Sale did not extinguish Nationstar's DOT. In light of the Court's ruling that the HOA Sale is void, all remaining claims seeking alternative relief are dismissed as moot.

It is further ordered that River Glider's motion for summary judgment (ECF No. 92) is denied.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close the case.

DATED THIS 14th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE