MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
ADAM R. TRIPPIEDI, ESQ.
Nevada Bar No.: 12294
atrippiedi@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, #480
Henderson, Nevada  89119
(702) 642-3113/ (702) 642-9766 FAX
Attorney for defendant River Glider Avenue Trust

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC;<br><br>             Plaintiff,<br><br>vs.<br><br>SAHARA SUNRISE HOMEOWNERS ASSOCIATION; RIVER GLIDER AVENUE TRUST; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>             Defendants. | CASE NO.: 2:15-cv-01597-MMD-NJK<br><br>**DEFENDANT RIVER GLIDER AVENUE TRUST'S RESPONSE TO NATIONSTAR MORTGAGE LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| SAHARA HOMEOWNERS ASSOCIATION,<br><br>             Third-Party Plaintiff,<br><br>vs.<br><br>ALESSI & KOENIG LLC; DOES I THROUGH X and ROE CORPORATIONS XI THROUGH XX,<br><br>             Third-Party Defendants | |
| RIVER GLIDER AVENUE TRUST,<br><br>             Counter-plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>             Counter-defendant. | |

1

Defendant/counterclaimant River Glider Avenue Trust (hereinafter referred to as "**defendant**" or "**River Glider**"), by and through its attorney, the Law Offices of Michael F. Bohn, Esq., Ltd., hereby submits this response in opposition to Nationstar Mortgage LLC's supplemental brief in support of motion for partial summary judgment filed September 14, 2020 (ECF 119).[1]

## INTRODUCTION

Plaintiff's supplemental brief relies on its previously filed Motion for Summary Judgment in support of its arguments regarding a "grossly unreasonable price," unfairness of the sale, and as-applied due process violations. Those arguments are addressed in defendant's supplemental brief filed on September 14, 2020 (ECF 118).

However, through its supplemental brief, plaintiff now attempts to raise, for the very first time, two new arguments:

1. Plaintiff was excused from making a tender of the superpriority amount to the HOA's foreclosure agent because there is proof that such a tender would have been futile; and

2. Defendant's alleged acknowledgment, in a 2012 bankruptcy proceeding, that defendant purchased the property subject to plaintiff's deed of trust, judicially estops defendant from asserting the HOA foreclosure extinguished plaintiff's deed of trust.

First and foremost, these arguments fail because plaintiff never raised them in the case-in-chief, or during the appeal and it is thus improper for plaintiff to raise these issues now, more than five years after plaintiff filed its complaint. Further, in its Memorandum, the Ninth Circuit limited the scope of this remand to the arguments previously raised by the parties. Finally, these two arguments fail on their substance. Accordingly, the HOA foreclosure extinguished plaintiff's deed of trust.

## PROCEDURAL HISTORY

The relevant procedural history is as follows:

- On March 14, 2019, this court entered an order granting summary judgment in favor of plaintiff based on a noticing issue (ECF 103).

---

[1]

- Defendant appealed the court's ruling and on July 13, 2020, the Ninth Circuit filed a memorandum reversing this court's ruling and remanding to allowing this court to address the remaining issues for the first time (ECF 109).

Thus, the remaining issues for this court to address are as follows:

1. Whether the sale is void because it violated the automatic stay;
2. Whether the sale should be equitably reformed or set aside under <u>Shadow Canyon</u>; and
3. Whether allowing the sale to extinguish the deed of trust would violate due process as-applied.

Defendant now addresses these three issues.

## POINTS AND AUTHORITIES

**1. Plaintiff has abandoned its argument that the HOA foreclosure sale violated the automatic stay.**

At page 2, footnote 1 of plaintiff's Response to River Glider Avenue Trust's Supplemental Brief (ECF 120), within footnote 1, plaintiff states that it "abandons its argument the sale violated the automatic stay." Accordingly, defendant will not address the automatic stay any further.

**2. Defendant addressed plaintiff's other arguments in defendant's supplemental brief and in previous pleadings.**

In its Introduction section, plaintiff refers to its Motion for Summary Judgment filed October 19, 2018 (ECF 90), and relies on the arguments contained therein for plaintiff's <u>Shadow Canyon</u> claims and as-applied due process claims. In response, defendant refers this court to defendant's supplemental brief filed September 14, 2020, wherein defendant addresses the <u>Shadow Canyon</u> and as-applied due process claims.

**3. Plaintiff cannot raise its brand new arguments regarding the "futility of tender" or defendant's alleged bankruptcy in 2012 for the first time on remand.**

Beginning at page 3 of its brief, plaintiff argues that its deed of trust survived the HOA's foreclosure because "Alessi would have rejected a payment for the superpriority amount." Plaintiff also argues for the first time in its supplemental brief that defendant "is judicially estopped" from claiming free and clear title to the subject property "because [defendant] filed bankruptcy in 2012." However,

3

plaintiff cannot raise these arguments for the first time on remand because it has never made such arguments before, and because the Ninth Circuit has limited the issues on remand.

Plaintiff filed its complaint in this matter on August 20, 2015 (ECF 1). Since that time, this case has been through the early pleading stage, discovery, competing motions for summary judgment, and a full appeal decided by the Ninth Circuit Court of Appeals. Plaintiff had over five years to raise the issues of Alessi & Koenig's alleged policy toward superpriority payments and the futility of tender and defendant's alleged bankruptcy in 2012, yet it did not raise these issues until September 14, 2020, in its supplemental brief (ECF 119).

Instead of making the futility of tender argument within the past five years, plaintiff is now relying on deposition and trial testimony from David Alessi, some of it in completely unrelated cases, and now making this argument for the first time. Plaintiff also cites to transcripts of other witnesses from other cases, witnesses whom plaintiff never deposed or disclosed in this matter. See page 4 of plaintiff's supplemental brief, as well as Exhibits BB and CC thereto, where plaintiff discusses the testimony of Shawn Look and Rock Jung. Plaintiff has never disclosed most of these transcripts prior to filing its supplemental brief, and thus they are not part of the record of this case. The transcripts from other cases are out of court testimony and thus are inadmissible hearsay as defined in either Fed. R. Evid. 801 or NRS 51.035.

Similarly, plaintiff never raised the issue of defendant's 2012 bankruptcy prior to filing its supplemental brief, and it is therefore improper for plaintiff to raise this argument for the first time on remand, more than five years after plaintiff filed its complaint. Plaintiff's supplemental brief relies upon Exhibit DD thereto, defendant's 2012 bankruptcy petition. However, defendant's 2012 bankruptcy petition was not part of the record of this case.

In fact, none of the exhibits to plaintiff's supplemental brief were ever a part of the record of this case, with the exception of a handful of pages of David Alessi's June 14, 2016, transcript, which were attached as Exhibit R to plaintiff's Motion for Summary Judgment (ECF 90). Thus, it is improper for plaintiff to attach any of these exhibits to its supplemental brief, and this court should not rely on them.

In its supplemental brief, plaintiff does not explain or excuse its failure to raise its new arguments.

4

Plaintiff simply makes the new arguments without acknowledging the fact that it has not done so previously in this case. In fact, it appears the only reason plaintiff has raised the futility of tender argument now is because, as plaintiff states at page 3 of its supplemental brief, the Nevada Supreme Court rendered a decision on the futility argument "[a]fter Nationstar filed its motion [for summary judgment]...." The fact that the futility of tender argument was not previously addressed by the Nevada Supreme Court does not excuse or justify plaintiff's failure to raise it earlier in this case. Plaintiff had a duty to preserve these arguments and it failed to do so.

Most importantly, plaintiff cannot raise the new arguments because the Ninth Circuit's decision on the appeal limits the universe of arguments which plaintiff can raise. Specifically, the Ninth Circuit's July 13, 2020, Memorandum reversed this court's decision on the noticing issue, and, at pages 4-5, the Memorandum states:

> Although the parties raise several additional arguments regarding the extinguishment of Nationstar's deed of trust, the district court explicitly limited its summary judgment ruling to the notice issue described above. Accordingly, we remand to allow the district court to address **the remaining issues** for the first time.

Emphasis added. Thus, the Ninth Circuit was not remanding the case so that the parties can make any new arguments they choose; the remand allows the parties and court to address "the remaining issues", meaning the arguments already raised.

Allowing plaintiff to raise the two new arguments for the first time on remand prejudices defendant because defendant never had an opportunity to develop its defenses to those arguments or the factual bases undergirding them. In sum, it is unfair for plaintiff to be permitted to use failing arguments for five years, and then save the day with previously hidden arguments that plaintiff neglected to raise earlier in this case.

**4.      Plaintiff's new arguments are barred by any applicable statute of limitations.**

The HOA foreclosure sale occurred on February 8, 2012, and the foreclosure deed was recorded on February 16, 2012, more than eight years ago. Because plaintiff did not raise the futility of tender and defendant bankruptcy claims until September 14, 2020, those claims are barred by any relevant statute of limitations.

5

> **i.    NRS 11.190(3)'s three-year statute of limitations applies to and bars plaintiff's claims.**

NRS 11.190 contains a three-year statute of limitations which applies to actions founded upon a statute:

> **NRS 11.190  Periods of limitation.**  Except as otherwise provided in NRS 40.4639, 125B.050 and 217.007, actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows:
>
> ...
> 3.  Within 3 years:
>
>     (a) An action upon a liability created by statute, other than a penalty or forfeiture.

According to the Nevada Supreme Court, "[t]he phrase 'liability created by statute' means a liability which would not exist but for the statute." Torrealba v. Kesmitis, 124 Nev. 95, 178 P.3d 716, 722 (2008).  Regardless of how the allegations and causes of action are labeled, "it is the nature of the grievance rather than the form of the pleadings that determines the character of the action." Id. at 723. Plaintiff bank's causes of action are all based upon statutory sources of authority.

As the Nevada Supreme Court explained in Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*,* 405 P.3d 641 (2017), "the relevant statutory scheme curtails an HOA's ability to dictate the method, manner, time, place, and terms of its foreclosure sale, an HOA has little autonomy in taking extra-statutory efforts to increase the winning bid at the sale." See also Shadow Canyon*,* 405 P.3d at 645 (holding that "HOA foreclosure sales of real property are ill suited for evaluation under Article 9's commercial reasonableness standard."). Since the HOA "has little autonomy" in the foreclosure process, any purported violation would be created by the statute itself. Each of plaintiff's allegations about the HOA foreclosure sale arise directly from NRS 116 and are barred by the three-year statute of limitations.

> **ii.    In the alternative, NRS 11.220's four-year statute of limitations or applies to and bars plaintiff bank's claims based on tender.**

If this court does not find NRS 11.190(3)'s three-year statute of limitations applies to plaintiff bank's  claims, then NRS 11.220's four-year statute of limitations instead applies and prevents plaintiff from obtaining summary judgment.

NRS 11.220 states as follows:

> **Action for relief not otherwise provided for.**  An action for relief, not herein before provided for, must be commenced within 4 years after the action shall have accrued.

NRS 11.220 is often described as the "catch-all" because it applies to actions which do not fall under the other statutes of limitations found in NRS Chapter 11.

Here, this court should apply NRS 11.220's four-year statute of limitations to plaintiff bank's claims.  Plaintiff has had numerous opportunities to present its futility of tender claims.  It could have presented them as an affirmative defense or as part of a counterclaim.  It could have presented them in its original filed complaint in the instant matter.  It could have presented them as part of plaintiff's motion for summary judgment filed.  Instead, plaintiff did not, in any way, allege futility of tender or defendant bankruptcy until plaintiff's supplemental brief, **more than eight years after the foreclosure sale**.  This was a delay of plaintiff's own making and entirely within plaintiff's control, as plaintiff was aware of Alessi's rejection policy, as well as defendant's 2012 bankruptcy, at the time it filed the instant complaint.

By waiting more than eight years to bring these new claims, plaintiff has prejudiced defendant, which, since the filing of the complaint, has been alternately defending and/or prosecuting this case under various other theories.  Had defendant known of the alleged tender, it could have acted much differently over the course of the past five years.  However, because plaintiff lackadaisically failed to timely bring forth its own claims, defendant has been evaluating and defending or prosecuting this case under false pretenses.

### iii.   The five year statute of limitations would also bar any plaintiff's new arguments.

NRS 11.070 contains a five year statute of limitations for quiet title claims:

> **No cause of action effectual unless party or predecessor seized or possessed within 5 years.**  No cause of action or defense to an action, founded upon the title to real property, or to rents or to services out of the same, shall be effectual, unless it appears that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted or defense made.

Even under this most liberal standard, plaintiff's new arguments would be time-barred for the same reasons identified above.

As plaintiff's new arguments are barred by the statute of limitations, plaintiff is not entitled to any relief based on the new arguments. Accordingly, defendant requests this court deny plaintiff's motion for summary judgment should be denied.

**5.  Plaintiff has not proven Alessi had a "known" policy of rejecting tender checks, and thus, plaintiff is not entitled to relief.**

Plaintiff's brief relies heavily on 7510 Perla del Mar Ave Tr. v. Bank of Am., N.A., 458 P.3d 348 (Nev. 2020) for plaintiff's argument that tender was excused due to futility. However, Perla del Mar requires that in order to excuse the tender, the lender who was so excused must have known of the policy of rejecting tender:

> Because the evidence at trial established that at the time relevant to this action, it was [the trustee's] business policy to have its receptionist reject any check for less than the full lien amount, **and because the evidence further established that Miles Bauer and the Bank had knowledge of this business policy**, we conclude that substantial evidence supports the district court's finding that even if Miles Bauer had tendered a check for the superpriority amount, it would have been rejected.

Id. at 351 [emphasis added]. Here, there is no admissible evidence to show plaintiff was aware of Alessi's purported superpriority tender rejection policy at the time of this foreclosure sale. Plaintiff attempts to prove it was aware of Alessi's policy by the use of deposition transcripts from other matters (Exhibits BB and CC to plaintiff's supplemental brief [ECF119-4 and 119-5]). However, as noted above, plaintiff never disclosed these transcripts into evidence in this case. Further, those transcripts are hearsay under federal rules and NRS 51.035 and they are thus inadmissible. And plaintiff never disclosed the witnesses (Shawn Look and Rock Jung) in this case, so defendant never had an opportunity to examine these witnesses. It would be extremely prejudicial for plaintiff to be permitted to use testimony from other, unrelated cases, made by witnesses who were never disclosed in this case, to support plaintiff's summary judgment motion. Thus, plaintiff has failed to meet its burden and its motion must be denied.

**6.  Even if this court were to consider defendant's 2012 bankruptcy, that bankruptcy does not protect plaintiff's deed of trust.**

Beginning at page 4 of its supplemental brief, plaintiff argues "River Glider acknowledges its title is subject to the deed of trust in bankruptcy." However, this is a complete misreading of bankruptcy law and the concept of judicial admissions.

8

Defendant's bankruptcy filing was not a judicial admission and thus is not subject to judicial estoppel. In <u>NOLM, LLC v. County of Clark</u>, 120 Nev. 736, 100 P.3d 658, 663 (2004), the Nevada Supreme Court stated:

> However, judicial estoppel should be applied only when "a party's inconsistent position [arises] from intentional wrongdoing or an attempt to obtain an unfair advantage." **Judicial estoppel does not preclude changes in position that are not intended to sabotage the judicial process**.
>
> [T]he doctrine generally applies "when "`(1) **the same party has taken two positions**; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) **the two positions are totally inconsistent**; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."'" (emphasis added)

Plaintiff did not prove the elements of judicial estoppel because every pleading filed by defendant as debtor took the position that the subordinate deed of trust could not interfere with the debtor's use and enjoyment of the Property.

There is also no "risk of inconsistent court determinations" because the relief requested by defendant as debtor did not require that the Bankruptcy Court make a final determination that the deed of trust was not extinguished by the HOA foreclosure sale, and no such determination was made by the Bankruptcy Court.

Ultimately defendant was vindicated when the Nevada Supreme Court entered its decision in <u>SFR Investments Pool 1, LLC v. U.S. Bank, N.A.</u>, which adopted defendant's understanding that the HOA's foreclosure of its superpriority lien extinguished the prior recorded deed of trust.

The evidence proves that the HOA foreclosed its superpriority lien and extinguished the deed of trust assigned to plaintiff. The extinguishment of the deed of trust is not a "fact" that could be admitted or denied by Cape Jasmine, but is instead a "conclusion of law" based upon the holding in <u>SFR Investments Pool 1, LLC v. U.S. Bank, N.A.</u>, 130 Nev. 742, 334 P.3d 408, 418 (2014). Additionally, both before and after the Nevada Supreme Court entered its decision in <u>SFR Investments Pool 1, LLC v. U.S. Bank, N.A.</u> on September 18, 2014, lenders like plaintiff disputed whether a particular foreclosure sale extinguished a deed of trust. Whether or not defendant believed that the HOA foreclosure sale in

9

the present case extinguished plaintiff's deed of trust is not a fact that must be proved in order for the sale to have that effect.

In Wells Fargo Bank, N.A. v. Radecki, 134 Nev. Adv. Op. 74, 426 P.3d 593, 596 (2018), the lender argued that the purchaser, Radecki, could not be a bona fide purchaser because "Radecki himself did not believe he was acquiring title to the property." 426 P.3d at 596.

Rejecting this argument, the Nevada Supreme Court stated:

"Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby." *Shadow Wood Homeowners Ass'n., Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 66, 366 P.3d 1105, 1116 (2016) (quotation marks omitted). **Given that the foreclosure sale was valid, Radecki's subjective beliefs as to the effect of the foreclosure sale are irrelevant.**

In sum, Wells Fargo has failed to show "evidence of unfairness or irregularity" in the foreclosure process that would invalidate the foreclosure sale on equitable grounds. See *Golden*, 79 Nev. at 515, 387 P.2d at 995. (emphasis added)

Id. at 596-597.

In the present case, because plaintiff did not produce any evidence of "unfairness or irregularity" that affected the HOA foreclosure sale that extinguished the deed of trust, evidence of any "subjective belief" expressed by defendant either **prior** to the public auction or **after** the public auction could not prevent the deed of trust from being extinguished.

Listing a creditor in a bankruptcy petition is not an admission by the debtor that the creditor's claim is valid. 11 U.S.C. § 101(10)(A) defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor," and 11 U.S.C. § 101(5)(A) defines a "claim" to be a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, **disputed**, **undisputed**, legal, equitable, **secured**, or **unsecured** . . . ." (emphasis added) 11 U.S.C. § 521(a)(1) requires that the debtor file "a list of creditors" and "a schedule of assets and liabilities."

By complying with the requirements of the Bankruptcy Code, defendant did not admit that the deed of trust was not extinguished by the foreclosure of the HOA's superpriority lien. Because no court had yet resolved the issue, defendant was required to list plaintiff as a creditor even though defendant

10

believed that the deed of trust had been extinguished.

Likewise, even though defendant's schedules did not identify plaintiff's secured claim as "disputed" or "contingent," that act alone could not reinstate the extinguished deed of trust. In particular, Fed. R. Bankr. P. 1009 authorized Cape Jasmine to amend its schedules "as a matter of course at any time before the case is closed," and 11 U.S.C. § 350(b) permits a closed case to be reopened "to accord relief to the debtor, or for other cause." In <u>In re Germain</u>, 152 B.R.619, 624 (9th Cir. BAP 1993), the court stated that the reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved from the stacks of closed cases to enable the court to receive a new request for relief and that "the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of the case."

As a result, defendant did not make a binding admission just because defendant's bankruptcy counsel neglected to check the column for "disputed" on Schedule D. 11 U.S.C. § 502(b) also does not contain any deadline that would have prevented defendant from objecting to any secured claim filed by plaintiff. Furthermore, none of the bankruptcy cases cited in the motion support the conclusion that a deed of trust that has been extinguished prior to a bankruptcy petition being filed can be restored by any information included in the bankruptcy pleadings filed after the sale. To change the effect of the pre-petition foreclosure sale, the bankruptcy trustee would have had to file the necessary pleadings to avoid the sale as a preferential transfer subject to 11 U.S.C. § 547 or as a fraudulent transfer subject to 11 U.S.C. § 548. No such pleadings were filed in defendant's bankruptcy case.

In <u>In re Cobb</u>, in the context of a lift stay motion, the court stated that the debtors' "prior statement of value in their schedules is nothing more than an admission by a party opponent" and that "[t]he admission is not conclusive." 56 B.R. at 442. In footnote 3, the court explained in further detail the difference between a judicial admission and an evidential admission:

> Arguably, a question exists whether statements by a debtor in schedules filed with the court are judicial or evidential admissions. **If the schedules are regarded as pleadings in this proceeding, the debtors' statements in the schedules are judicial admissions**, conclusive unless the Court allows them to be withdrawn or amended. On the other hand **an evidential admission is not conclusive**. *See, e.g.*, <u>Matter of Fordson Engineering Corp.</u>, 25 Bankr. 506 (Bankr.E.D.Mich 1982). *See also* McCormick on Evidence 776 (3rd edition 1984). **Because the schedules were filed in this case in general, not in this**

11

**particular contested matter, the Court does not view them as a "pleading" for purposes of the stay motion as such, and thus statements in the schedules are evidential rather than judicial admissions for these purposes**. *See* In re Hanson Dredging, Inc., 6 Bankr. 230 (Bankr.S.D.Fla 1980). In addition, the statement of value in the schedules relates to value and is a matter of opinion rather than fact. As such, it probably cannot give rise to a judicial admission. *See* Fairbanks v. Yellow Cab Co., 346 F.2d 256 (7th Cir.1965). This conclusion is further supported by the fact that the debtor can amend the schedules at any time until the case is closed without prior permission of the court. *See* Bankruptcy Rule 1009.

In discussing this distinction, the court in In re Hanson Dredging, Inc., cited Commercial Banking Corp. v. Martel, 123 F.2d 846 (2d Cir. 1941), where the district court prevented the defendant from testifying regarding a claim identified in the schedule of liabilities in the defendant's bankruptcy case. In reversing the district court and ordering a new trial, the court of appeals stated:

> Admissions may always be explained by the party against whom they are used. Ferris v. Sterling, 214 N.Y. 249, 108 N.E. 406, Ann.Cas.1916D, 1161; Morgan v. United States, 8 Cir., 169 F. 242; 4 Wigmore on Evidence, 3d Ed. 1940, § 1059, and cases cited. Such a rule has particularly cogent reasons for application when the admission is a schedule in bankruptcy. . . .When later confronted by his statement, he should obviously be permitted to explain all the extenuating circumstances. Therefore, unless some exception can be found in this case, the exclusion was error.

123 F.2d at 847.

In In re Gervich, the bankruptcy court relied on the creditors identified in the debtor's schedules as evidence that at least one creditor existed that would have standing to attack a pre-petition transfer made by the debtor as voidable under section 70(e) of the Bankruptcy Act. 570 F.2d at 253. Defendant did not make such a transfer prior to filing its bankruptcy petition.

In In re Leonard, in the context of a lift stay motion filed by the secured creditor, the bankruptcy court relied on the principal amount of the debt listed in Schedule D as an admission under Fed. R. Evid. 801(d)(2) that such a debt was owed, but the court also stated that the debtors "had the opportunity and obligation to amend their Schedules during the interim period between the filing of the petition and the hearing on the within motion." 151 B.R. at 639.

On page 9 of the partial summary motion, plaintiff states that "Cape Jasmine filed a motion conceding the deed of trust was a secured claim." On the other hand, the motion filed with the bankruptcy court on November 8, 2012 was necessary because on that date, the Nevada Supreme Court had not yet entered its decision in SFR Investments Pool 1, LLC v. U.S. Bank, N.A., which adopted

12

defendant's understanding that the HOA's foreclosure of its superpriority lien extinguished the prior recorded deed of trust. Cape Jasmine therefore applied for the relief permitted by 11 U.S.C. § 506(a) and 11 U.S.C. § 1123 that could be granted to Cape Jasmine even if the deed of trust was not extinguished by the HOA foreclosure sale.

Because the bankruptcy schedules and the motion filed by defendant Cape Jasmine after the deed of trust was extinguished are not "judicial admissions," defendants respectfully requests that this court deny plaintiff's motion for summary judgment.

## CONCLUSION

By reason of the foregoing, defendant respectfully requests this court enter an order granting summary judgment in favor of defendant and find that the HOA's foreclosure sale extinguished plaintiff's deed of trust..

DATED this 12th day of October, 2020

        LAW OFFICES OF
        MICHAEL F. BOHN, ESQ., LTD.

        By: /s/ *Adam R. Trippiedi, Esq.*
           Michael F. Bohn, Esq.
           Adam R. Trippiedi, Esq.
           2260 Corporate Circle, #480
           Henderson, Nevada  89119
           Attorneys for defendant River Glider Avenue Trust

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2020, I electronically transmitted the above **DEFENDANT RIVER GLIDER AVENUE TRUST'S RESPONSE TO NATIONSTAR MORTGAGE LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

| | |
|---|---|
| Ariel E. Stern, Esq.<br>Jesse A. Ransom, Esq.<br>AKERMAN LLP<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br>Attorneys for plaintiff<br>*Nationstar Mortgage, LLC* | Patrick A. Orme, Esq.<br>Edward D. Boyack, Esq.<br>BOYACK ORME &ANTHONY<br>7432 W. Sahara Avenue, Suite 101<br>Las Vegas, Nevada 89117<br>*Attorneys for Sahara Sunrise*<br>*Homeowners Association* |
| Jeanette E. McPherson, Esq.<br>SCHWARTZER &MCPHERSON LAW FIRM<br>2850 S. Jones Blvd., Suite 1100<br>Las Vegas, Nevada 89123<br>*Attorneys for Shelley D. Krohn,*<br>*chapter 7 trustee* | Kelley K. Blatnik, Esq.<br>BLATNIK LAW, LLC<br>8275 S. Eastern Avenue, Suite 200-425<br>Las Vegas, Nevada 89109<br>*Attorneys for Sahara Sunrise*<br>*Homeowners Association* |
| Alessi & Koenig, LLC<br>9500 West Flamingo Road, Suite 204<br>Las Vegas, Nevada 89147<br>*Pro Se* | |

                                                                                                                                        /s/ /Marc Sameroff /
                                                                                                                                         An Employee of the LAW OFFICES OF
                                                                                                                                         MICHAEL F. BOHN, ESQ., LTD.