1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATIONSTAR MORTGAGE, LLC,

                                   Plaintiff,

        v.

SAHARA SUNRISE HOMEOWNERS
ASSOCIATION, *et al.*,

                                   Defendants.

Case No. 2:15-cv-01597-MMD-NJK

ORDER

AND ALL RELATED CASES

## I.    SUMMARY

This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 2670 Early Vista St., Las Vegas, NV, 89142 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, ECF Nos. 1 at 3, 90-9 at 2.) The Court previously granted partial summary judgment to Plaintiff Nationstar Mortgage LLC that the HOA Sale did not extinguish a deed of trust encumbering the Property now owned by Nationstar (the "DOT"). (ECF No. 103 ("Summary Judgment Order").) Defendant River Glider Avenue Trust appealed the Summary Judgment Order (ECF No. 105), and the Ninth Circuit Court of Appeals reversed and remanded "to allow the district court to address the remaining issues for the first time" (ECF No. 109 at 5). Following the Ninth Circuit's remand, the Court then permitted the parties to file supplemental briefs on those remaining issues, which are now before the Court for decision. (ECF Nos. 112, 115, 116 (soliciting views on, and then permitting, supplemental briefing), 118, 119, 120, 122, 123, 126 (supplemental briefing).) Because the Court is unpersuaded by Nationstar's remaining arguments as to why the HOA Sale did not extinguish its DOT, and as further explained below, the Court concludes the HOA Sale extinguished the DOT.

## II.     BACKGROUND

The Court incorporates by reference the factual background of this case as recited in the Summary Judgment Order, and does not repeat it here. (ECF No. 103 at 1-3.) The Ninth Circuit's remand does not call for any additional factual development. (ECF No. 109.) It instead requires the Court to address legal issues the Court declined to address in the Summary Judgment Order. (*Id.*) The Court therefore briefly outlines those legal issues.

The crux of the Summary Judgment Order was that "the relevant DOT beneficiary— MERS—was not provided proper notice of default and that such failure is sufficient to render the HOA Sale void here." (ECF No. 103 at 5.) The Court went on to reject River Glider's argument that Nationstar was not prejudiced by the failure to send proper notice to MERS, instead agreeing with Nationstar that it showed prejudice because "the HOA's failure to properly serve the notice of default deprived BANA of the opportunity to tender payment" that could have preserved the DOT. (*Id.* at 5-7.)

The Ninth Circuit found this was a misapplication of the Nevada Supreme Court's decision in *W. Sunset 2050 Tr. v. Nationstar Mortg.*, 420 P.3d 1032, 1035 (Nev. 2018) ("*West Sunset*"). (ECF No. 109 at 3.) After noting it was undisputed the homeowners' association's ("Sahara") agent ("A&K") never mailed a statutorily-required notice to MERS, the Ninth Circuit held Nationstar had not shown prejudice from this failure sufficient to void the sale because Nationstar had constructive notice of the default—the HOA Sale had been recorded, and Nationstar should have checked the property records before purchasing the DOT. (*Id.* at 3-4.) And as particularly pertinent here, the Ninth Circuit concluded its opinion:

> Although the parties raise several additional arguments regarding the extinguishment of Nationstar's deed of trust, the district court explicitly limited its summary judgment ruling to the notice issue described above. Accordingly, we remand to allow the district court to address the remaining issues for the first time.

(*Id.* at 5-6 (citations omitted).)

///

///

1    **III.    DISCUSSION**

2         Nationstar and River Glider agree the Court should address two arguments that

3    Nationstar raised in its summary judgment briefing: (1) whether the HOA Sale's

4    extinguishment of the DOT violated Nationstar's due process rights as applied; and (2)

5    whether the Court should equitably set aside the HOA Sale under *Nationstar Mortg., LLC*

6    *v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641 (Nev. 2017) ("*Shadow*

7    *Canyon*").[1] (ECF Nos. 118 at 2, 119 at 2.) However, Nationstar also attempts to raise two

8    new (post-remand) arguments in its supplemental briefing. (ECF No. 119 at 3.) River

9    Glider counters the Court should not address Nationstar's two new arguments because

10   doing so would exceed the scope of the Ninth Circuit's remand, and would be unfair. (ECF

11   No. 122 at 2.) The Court thus addresses below the question of whether to consider

12   Nationstar's two new arguments before addressing the two arguments the parties agree

13   the Court should address.

14         But even before doing that, the Court reiterates that a valid HOA sale extinguishes

15   the DOT. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) ("*SFR*")

16   (holding that a proper foreclosure sale on the superpriority portion of an HOA lien

17   extinguishes all prior security interests). The Court therefore acknowledges—especially in

18   light of the Ninth Circuit's reversal (ECF No. 109)—that the Court must find in River

19   Glider's favor unless its finds one of Nationstar's remaining arguments persuasive.

20   Because the Court finds neither of Nationstar's remaining arguments persuasive, and

21   declines to consider Nationstar's new arguments—and as further explained below—the

22   Court finds the HOA Sale extinguished Nationstar's DOT. *See SFR*, 334 P.3d at 419.

23         **A.    Scope of Remand**

24         In gist, Nationstar argues the Court can consider its two new arguments, but fails

25   to persuasively explain why the Court should. (ECF No. 126 at 1-5.) River Glider counters

26

27         [1]Nationstar concedes its facial due process argument is no longer viable. (ECF No.
28   119 at 2 n.1.) Nationstar also abandoned its argument that the HOA Sale violated the
     automatic bankruptcy stay imposed as part of the original borrowers' bankruptcy
     proceedings. (ECF No. 120 at 2 n.1.)

1    in pertinent part that the Ninth Circuit's remand was too limited to allow the Court to

2    consider Nationstar's new arguments, and it would be unfair for the Court to address

3    Nationstar's new arguments now considering that Nationstar could have, but did not, make

4    them in the approximately five previous years the parties have been litigating this case to

5    date. (ECF No. 122 at 3-5.) The Court agrees with River Glider in pertinent part.

6        "[T]he rule of mandate allows a lower court to decide anything not foreclosed by the

7    mandate." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (citation

8    omitted). But a "district court is limited by our remand when the scope of the remand is

9    clear." *Id.* (citation omitted). "Violation of the rule of mandate is a jurisdictional error." *Id.*

10   (citation omitted).

11       Here, the Ninth Circuit's mandate could arguably allow the Court to address

12   Nationstar's two new arguments, but the Court does not find that is the best reading. The

13   best read is that the Ninth Circuit's mandate is limited to arguments already raised in the

14   briefing that culminated in the Summary Judgment Order, but which the Court did not rule

15   on in that order. First, the Ninth Circuit used the phrase "to address the remaining

16   arguments for the first time[.]" (ECF No. 109 at 5.) That appears to refer to a discrete set

17   of arguments the parties had already made, and does not appear to leave the door open

18   for the parties to raise any new arguments. Second, in the sentence just before the phrase

19   excerpted above, the Ninth Circuit declined to address other arguments the parties raised

20   on appeal because the Court specifically limited its summary judgment ruling to the notice

21   issue the Ninth Circuit reversed on. (*Id.* at 4-5.) This too suggests the Ninth Circuit's intent

22   was to remand to allow the Court to address the arguments raised in the parties' summary

23   judgment briefing culminating in the Summary Judgment Order—not new arguments.

24   Loath to commit a jurisdictional error by misinterpreting the scope of the Ninth Circuit's

25   remand, *see Hall*, 697 F.3d at 1067, the Court will not consider Nationstar's new

26   arguments raised for the first time post-remand.

27   ///

28   ///

4

1    Moreover, this Court's post-remand orders should have signaled to Nationstar it did

2  not have the Court's leave to raise new arguments for the first time. The Court's first minute

3  order issued after its order on mandate (ECF No. 111) provided:

> In light of the disposition on appeal, the parties are directed to file a joint status report within seven days from the date of this order. The status report should address: (1) whether the Court should address the other issues raised in the underlying motions for summary judgment that were not addressed in the Court's order resolving those motions that was reversed and remanded; and (2) whether supplemental briefing is needed. If the parties agree supplemental briefing is needed, they must also propose a briefing schedule.

9  (ECF No. 112.) The Court thus explicitly stated it was only considering addressing

10  arguments already raised. (*Id.*) Interpreting this order as allowing Nationstar to raise new

11  arguments for the first time is an unreasonable interpretation of the Court's order.

12    And even if Nationstar's new arguments were within the scope of the Ninth Circuit's

13  mandate, the caselaw Nationstar relies on provides—at most—that the Court may

14  consider new arguments, not that it must. (ECF No. 126 at 4-5.) In any event, the Court

15  would not choose to exercise its discretion to do so. Nationstar filed this case back in 2015.

16  (ECF No. 1.) Under the scheduling order the Court entered in this case, dispositive

17  motions were due by October 16, 2017. (ECF No. 59.) Nationstar did not include its new,

18  post-remand arguments in its motion for partial summary judgment filed shortly before that

19  dispositive motion deadline. (ECF No. 90.) Nationstar also never moved to amend the

20  Court's scheduling order. That makes Nationstar's new arguments untimely. For all of

21  these reasons, the Court agrees with River Glider it would be inappropriate and inequitable

22  for the Court to rule on Nationstar's new, post-remand arguments. The Court accordingly

23  declines to address them.

24    **B.    Due Process as Applied**

25    Moving on to Nationstar's unabandoned arguments clearly within the scope of the

26  Ninth Circuit's mandate, Nationstar argues that "allowing the application of Nevada law to

27  extinguish Nationstar's interest under the circumstances of this case violates due process

28  as-applied." (ECF No. 119 at 2 (footnote omitted).) Nationstar more specifically argues the

1   HOA Sale violated its due process rights as applied to these facts because the HOA

2   should have provided the reasons the homeowner was in default and the amount due and

3   owing in the notice A&K sent out, but did not. (ECF Nos. 90 at 17, 120 at 7-8.)

4        However, similar to how Nationstar conceded the Ninth Circuit has since foreclosed

5   its facial due process argument (ECF No. 119 at 2 n.1), the Ninth Circuit recently rejected

6   a materially indistinguishable version of Nationstar's 'due process as-applied' argument

7   as well. *See Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, Case No. 18-17320,

8   --- F.3d ----, 2020 WL 6498000, at *6 (9th Cir. Nov. 5, 2020) ("*Mahogany Meadows*"). Like

9   the plaintiff in *Mahogany Meadows*, *see id.*, the Ninth Circuit has already ruled in this case

10  that Nationstar had notice of the HOA Sale (ECF No. 109 at 3). That ruling renders the

11  heart of Nationstar's due process as-applied argument—that it received inadequate notice

12  (ECF No. 90 at 17, 120 at 7-8)—unpersuasive.[2] Said otherwise, the Ninth Circuit already

13  ruled Nationstar received adequate notice, so Nationstar's as-applied due process

14  argument is foreclosed by *Mahogany Meadows*. *See* 2020 WL 6498000, at *6.

15       **C.    Shadow Canyon**

16       That leaves Nationstar's argument that the Court should use its equitable powers

17  to set the HOA Sale aside under *Shadow Canyon* and its progeny. (ECF Nos. 90 at 2-3,

18  8-13, 119 at 2, 120 at 3-7.) The Court declines to grant such relief.

19       The Nevada Supreme Court has held that "courts retain the power to grant

20  equitable relief from a defective foreclosure sale[.]" *Shadow Wood Homeowners Ass'n v.*

21  *New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, the Court may

22

23  ─────────────

24  [2]The plaintiff in *Mahogany Meadows* conceded it received actual notice, *see* 2020
    WL 6498000, at *6, whereas here, the Ninth Circuit held Nationstar had constructive notice

25  (ECF No. 109 at 3). However, much of the rest of the Ninth Circuit's opinion in this case is
    premised on its holding that Nationstar's lack of notice did not prejudice Nationstar. (*Id.* at

26  4.) As the Ninth Circuit found no prejudice in this case, it is hard for the Court to see how
    the distinction between the constructive notice in this case and the actual notice in

27  *Mahogany Meadows* would render this case distinguishable from *Mahogany Meadows*.
    Alternatively, the Ninth Circuit noted "that it is undisputed that the HOA mailed the correct
    parties a notice of the foreclosure sale in July 2011, over six months before the sale

28  eventually took place." (ECF No. 109 at 4.) Thus, Nationstar's predecessor-in-interest had
    actual notice. This fact renders *Mahogany Meadows* even further on point.

6

1   set aside a sale where there is inadequacy of price as well as proof of slight evidence of

2   fraud, unfairness, or oppression. *See Shadow Canyon*, 405 P.3d at 643, 648 (also stating

3   inadequacy of price "should be considered with any alleged irregularities in the sale

4   process to determine whether the sale was affected by fraud, unfairness, or oppression").

5        Here, Nationstar argues the price paid by River Gilder's successor Early Vista at

6   the HOA Sale, $5,400, was inadequate because it represents less than 7% of the $84,000

7   value of the Property at the time of the sale. (ECF No. 90 at 9.) Nationstar supports the

8   $84,000 amount with a retroactive appraisal proffered along with its summary judgment

9   motion. (*Id.*; *see also* ECF No. 90-14 (appraising the Property).) The Court assumes

10  without deciding Nationstar has shown a sufficiently inadequate sale price because, as

11  further explained below, the Court does not find sufficient "slight evidence" of unfairness

12  infected the HOA Sale such that the HOA Sale should be set aside.[3]

13       As to unfairness, Nationstar proffers the following: (1) Sahara failed to mail a copy

14  of the notice of default to MERS; (2) A&K represented the HOA Sale would not affect the

15  DOT; (3) Sahara also represented the HOA Sale would not affect the DOT in its

16  Declaration of Covenants, Conditions & Restrictions & Reservation of Easements

17  ("CC&Rs"); (4) Sahara and A&K conducted the HOA Sale during the homeowners'

18  bankruptcy, discouraging potential bidders; and (5) Sahara and A&K failed to identify

19  whether they were foreclosing on a superpriority lien. (ECF No. 120 at 5.) The Court

20  addresses each proffered piece of evidence of unfairness in turn, below. As noted, none

21  amounts to slight evidence of unfairness sufficient to set the sale aside.

22       First, under the facts of this case, and especially in light of the Ninth Circuit's

23  reversal, the Court cannot find Sahara's failure to mail a copy of the notice of default to

24  MERS was unfair. (*Id.*) As noted, the Ninth Circuit held Sahara's failure to mail that notice

---

26
27  [3]Were the Court to decide this issue, the Court would side with Nationstar on this point because $5400 is not much for a Property worth $84,000, and while River Glider
28  attacks the appraisal Nationstar relies on to support the $84,000 amount (ECF No. 118 at 7), it does not proffer any competing evidence of its own to show that estimate is inaccurate (ECF No. 120 at 4-5).

1    did not prejudice Nationstar. (ECF No. 109 at 4.) And given that the Ninth Circuit

2    specifically held the notice failure did not prejudice Nationstar, the Court cannot see how

3    it can conclude the very same failure was unfair to Nationstar. Unfairness and prejudice

4    are not exactly the same thing, but are sufficiently similar such that it would be irrational

5    to set the HOA Sale aside for unfairness the Ninth Circuit already found not prejudicial.

6         Second, A&K's public position around the time of the HOA Sale in other cases that

7    superpriority liens are not triggered until the deed of trust beneficiary forecloses is not

8    unfair absent any evidence A&K took that position as to the Property. (ECF No. 120 at 5,

9    5-7 (making the argument).) And Nationstar has presented no such evidence here, instead

10   proffering two letters A&K sent regarding two other properties, in two other homeowners'

11   associations, and pointing to positions A&K took in an arbitration that did not specifically

12   address this Property. (ECF No. 90 at 10-11 (citing ECF Nos. 90-21, 90-22).) That makes

13   this case distinguishable from *San Florentine Ave. Tr. v. JPMorgan Mortg. Acquisition

14   Corp.*, 427 P.3d 125 (Table), 2018 WL 4697260, at *1 (Nev. 2018), upon which Nationstar

15   relies (ECF No. 126 at 3-4), where the homeowners' association mailed the plaintiff "four

16   letters stating that the HOA's lien was subordinate to [the plaintiff's] deed of trust, with the

17   implication being that any ensuing foreclosure sale would not extinguish [the plaintiff's]

18   deed of trust." *San Florentine*, 2018 WL 4697260, at *1 (citation and footnote omitted).

19   Similarly, the homeowners' association's agent in *ZYZZX2 v. Dizon*, Case No. 2:13-cv-

20   1307-JCM-PAL, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2016) sent the lender a letter

21   taking a legally inaccurate position. Nationstar has not presented any evidence, nor even

22   argued, that A&K sent its predecessor-in-interest a letter taking an incorrect position as to

23   this specific Property. (ECF Nos. 90, 120.)

24        And while Nationstar argues the Court could rely on evidence from other cases in

25   deciding this case (*see, e.g.*, ECF No. 126 at 6-7), the Court is concerned that the practical

26   effect of treating this and similar cases that way would be the mortgage lender or servicer

27   would always win. Certainly, from Nationstar's perspective, every homeowners'

28   association sale resulting in the extinguishment of a deed of trust is unfair—like the HOA

1   Sale here. But setting every homeowners' association sale aside that extinguished a deed

2   of trust would contravene the Nevada Supreme Court's finding that a proper homeowners'

3   association sale extinguishes a deed of trust, *see SFR*, 334 P.3d at 419, along with that

4   court's several other decisions affirming the constitutionality of the statutory scheme at

5   issue here. For this reason, the Court would only exercise its discretion to set the HOA

6   Sale aside here if Nationstar could present some specific evidence of unfairness, specific

7   to this Property, that goes beyond generic unfairness in the sense that a $5400 transaction

8   can eliminate a mortgage debt for significantly more. Nationstar has not done so by, for

9   example, proffering a letter A&K sent Nationstar's predecessor-in-interest representing

10  that the HOA Sale would not extinguish the DOT on the Property.[4]

11          As to Nationstar's third piece of proffered evidence of unfairness (ECF No. 120 at

12  5), "a mortgage protection clause alone, like the CC&Rs here, is insufficient evidence of

13  unfairness to warrant setting aside an HOA foreclosure sale[.]" *Summit Hills*, 2019 WL

14  2453645, at *5. The Court thus finds the clause in the applicable CC&Rs Nationstar points

15  to does not constitute sufficient unfairness to set the HOA Sale aside.

16          Nationstar's fourth proffered piece of evidence of unfairness is that Sahara and

17  A&K conducted the HOA Sale during the homeowners' bankruptcy, discouraging potential

18  bidders. (ECF No. 120 at 5.) But the Court agrees with River Glider this argument is

19  unpersuasive because Nationstar has not presented any evidence that any particular

20  bidder was actually dissuaded from bidding. (ECF No. 118 at 10.) *See also Wilmington*

21

22          [4]Urging the Court to consider evidence from other cases is similar to an argument
    Nationstar has made in other cases—which the Court has rejected—where Nationstar has
23  argued "unfairness because the law concerning the effect of HOA's foreclosure sale was
    uncertain and the HOA and Alessi purportedly compounded that uncertainty." *Nationstar*
24  *Mortg. LLC v. Summit Hills Homeowners Ass'n*, Case No. 2:16-cv-01637-MMD-GWF,
    2019 WL 2453645, at *4 (D. Nev. June 12, 2019) ("*Summit Hills*"), *appeal dismissed sub*
25  *nom. Nationstar Mortg. LLC v. Edward Kielty Tr.*, Case No. 19-16390, 2019 WL 7578319
    (9th Cir. Oct. 17, 2019). There was significant uncertainty surrounding sales like the HOA
26  Sale for some years, and agents such as A&K took legal positions that turned out to be
    incorrect. But the law is clearer now, including that the statutory scheme itself is
27  constitutional. The Court must apply the law as it stands today, which the Court interprets
    to require specific evidence of unfairness as to the Property, beyond run-of-the-mill
28  uncertainty or unfairness inherent to the statutory scheme, to set a sale aside under
    *Shadow Canyon.*

9

1  *Tr., N.A. v. Las Vegas Rental & Repair, LLC Series 69*, 408 P.3d 557 (Table), 2017 WL

2  6597151, at *1 (Nev. 2017) (affirming the district court's decision not to set the sale aside

3  under *Shadow Canyon* in part because the plaintiff "did not present any evidence that

4  bidding was actually chilled"). It would also be counterintuitive to accept this argument

5  considering that Nationstar has abandoned its argument the HOA Sale violated the

6  automatic bankruptcy stay, because that concession seems to concede the applicability

7  of the homeowners' bankruptcy proceedings to this case. (ECF No. 120 at 2 n.1.) In sum,

8  the Court does not find the mere fact that the homeowners were going through bankruptcy

9  proceedings rendered the HOA Sale unfair, primarily because Nationstar has not

10  presented any evidence to support its argument the bankruptcy chilled bidding.

11         Fifth, and finally, "there are no statutory requirements that the foreclosure notices

12  state the superpriority component or whether the HOA was asserting a superpriority lien

13  right." *Nationstar Mortg., LLC v. BDJ Investments, LLC*, 452 P.3d 410 (Table), 2019 WL

14  6208548, at *2 (Nev. 2019) (citation omitted); *see also Bank of New York Mellon Tr. Co.,*

15  *N.A. v. Legends Maint. Corp.*, Case No. 2:16-cv-02567-MMD-GWF, 2019 WL 2176913,

16  at *5 (D. Nev. May 17, 2019), *appeal dismissed*, Case No. 19-16205, 2020 WL 3243985

17  (9th Cir. Feb. 10, 2020) (rejecting this same argument and noting "the Court has already

18  found *supra* that the notices did not need to specify intent to extinguish the DOT or the

19  superpriority amount needed for cure."). The Court therefore rejects this argument as well.

20  (ECF No. 120 at 5 (identifying this purported issue with the notice as unfair).) In sum, and

21  even considered cumulatively, the Court does not find that Nationstar's five proffered

22  pieces of evidence of unfairness render the HOA Sale sufficiently unfair such that the

23  Court should use its equitable power to set it aside.

24         Having rejected all of Nationstar's arguments, the Court must conclude the HOA

25  Sale extinguished Nationstar's DOT on the Property. *See SFR*, 334 P.3d at 419.

26  **IV.    CONCLUSION**

27         The Court notes that the parties made several arguments and cited to several cases

28  not discussed above. The Court has reviewed these arguments and cases and determines

1    that they do not warrant discussion as they do not affect the outcome of the issues before
2    the Court.

3          It is therefore ordered that Plaintiff Nationstar's motion for partial summary
4    judgment (ECF No. 90) is denied.

5          It is further ordered that Defendant River Glider's motion for summary judgment
6    (ECF No. 92) is granted.

7          It is further ordered that the HOA Sale extinguished Nationstar's DOT on the
8    Property.

9          The Clerk of Court is directed to enter judgment accordingly and close this case.

10         DATED THIS 16th Day of November 2020.

11
12
13         _____
           MIRANDA M. DU
14         CHIEF UNITED STATES DISTRICT JUDGE
15
16
17
18
19
20
21
22
23
24
25
26
27
28